IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSIE L. ALCORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:19-CV-0309-B-BH |
| | ) | |
| GENPACT MORTGAGE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to follow orders of the court.

**I. BACKGROUND**

The plaintiff filed this action against the defendant and moved for leave to proceed *in forma pauperis* on February 6, 2019. (*See* docs. 3, 5.) She was granted leave to proceed *in forma pauperis* on February 8, 2019. (*See* doc. 6.) On February 11, 2019, the Court sent her a questionnaire to obtain more information about her claims. (*See* doc. 7.) The questionnaire specifically advised the plaintiff that her answers to the questionnaire were due within fourteen days, and that a failure to file her answers could result in the dismissal of her case. *Id.* More than fourteen days from the date of the questionnaire passed, but the plaintiff did not file her answers. On March 6, 2019, she requested a stay while she obtained an attorney, and on March 7, 2019, she was granted an extension of 30 days from that date, until April 6, 2019, to file her answers. (*See* docs. 10, 11.) More than thirty days from the expiration of the extended deadline have passed, but the plaintiff has still not filed her answers to the questionnaire.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the February 11, 2019 order that she provide answers to the questionnaire within fourteen days despite a warning that failure to do so could result in dismissal of the case. She subsequently received an extension of time until April 6, 2019, to file her answers, and more than thirty days from the expiration of that extended deadline have passed, but the plaintiff has still not filed her answers. Because the plaintiff has failed to follow a court order, it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the plaintiff files her answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 7th day of May, 2019.**

                                                    IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE